```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -
UNITED STATES OF AMERICA           :

     -v-                           :     INDICTMENT

FNU LNU,                           :     07 Cr.
     a/k/a "Primo,"
PORFORIO MINAYA-FERNANDEZ,         :
     a/k/a "Tulile,"
RAYMOND GORIS,                           07 CRIM. 563
     a/k/a "Benny," and
EDWIN RODRIGUEZ,
                                   :
          Defendants.              :
- - - - - - - - - - - - - - - - - - x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: x
DATE FILED: JUN 2 0

JUDGE PRESKA

## COUNT ONE

The Grand Jury charges:

1.   From at least in or about February 2007, up to and including at least in or about March 2007, in the Southern District of New York and elsewhere, FNU LNU, a/k/a "Primo," PORFORIO MINAYA-FERNANDEZ, a/k/a "Tulile," RAYMOND GORIS, a/k/a "Benny," and EDWIN RODRIGUEZ, the defendants, and others known and unknown, unlawfully, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2.   It was a part and an object of the conspiracy that FNU LNU, a/k/a "Primo," PORFORIO MINAYA-FERNANDEZ, a/k/a "Tulile," RAYMOND GORIS, a/k/a "Benny," and EDWIN RODRIGUEZ, the defendants, and others known and unknown, would and did

distribute and possess with intent to distribute a controlled substance, to wit, 1 kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

<u>Overt Acts</u>

3.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  On or about March 1, 2007, at approximately 5:30 p.m., FNU LNU, a/k/a "Primo," the defendant, spoke to RAYMOND GORIS, a/k/a "Benny," the defendant, over the telephone, and "Primo" told GORIS in coded language that he was going to provide GORIS with the same type of heroin that he had provided GORIS in the past.

b.  On or about March 1, 2007, approximately twenty minutes after the conversation described in paragraph (a) above, GORIS received a telephone call from PORFORIO MINAYA-FERNANDEZ, a/k/a "Tulile," the defendant, who told GORIS to meet him at 133rd Street and Broadway in New York, New York.  During this conversation, GORIS confirmed with MINAYA-FERNANDEZ in coded language the amount of heroin he wanted to buy.

c.  On or about March 1, 2007, at approximately

6:30 p.m., GORIS and EDWIN RODRIGUEZ, the defendant, arrived at an auto body shop on 133rd Street near Broadway in New York, New York in a minivan driven by GORIS. RODRIGUEZ went into the auto body shop for several minutes and then returned to the minivan, at which point he and GORIS drove away.

(Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION

4. As a result of committing the controlled substance offense alleged in Count One of this Indictment, FNU LNU, a/k/a "Primo," PORFORIO MINAYA-FERNANDEZ, a/k/a "Tulile," RAYMOND GORIS, a/k/a "Benny," and EDWIN RODRIGUEZ, the defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Count One of this Indictment.

<u>Substitute Asset Provision</u>

a. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

        (2) has been transferred or sold to, or deposited with, a third person;

        (3) has been placed beyond the jurisdiction of the Court;

        (4) has been substantially diminished in value; or

        (5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1) and 853.)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

4

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

FNU LNU,
a/k/a "Primo,"
PORFORIO MINAYA-FERNANDEZ,
a/k/a "Tulile,"
RAYMOND GORIS,
a/k/a "Benny," and
EDWIN RODRIGUEZ,

Defendants.

### INDICTMENT

07 CR ____

(Title 21, United States Code, Section 846)

MICHAEL J. GARCIA
United States Attorney.

A TRUE BILL

_____
Foreperson.

6/20/07 - Filed Indictment. Case assigned to Judge Preska. Arrest Warrant Issued for FNU, LNU, a/k/a "Primo."

Eaton, J. U.S.M.J.